EUGENE SANBORN *versus* INHABITANTS OF MACHIAS PORT.

By c. 170, § 1, of the Public Laws of 1863, the doings of all cities, towns and plantations, in offering and paying bounties and presenting pecuniary inducements respecting volunteers, &c., are hereby made valid in as full and ample manner as though all the proceedings had been authorized by law.

This statute contemplates only the "*doings*" of meetings legally notified and held.

ON REPORT from *Nisi Prius*, DANFORTH, J., presiding.

ASSUMPSIT for bounty voted by the defendants.

The writ was dated Dec. 5, 1863.

The action was for the sum of twenty dollars, and for a town order of eighty dollars, payable in two years, which the plaintiff claimed as a drafted militia man for the defendant town, under the order of the President of the United States, calling for 300,000 men for the military service.

The return of the constable on the back of the warrant calling the town meeting, at which the vote authorizing the payment of the amount sued for was passed, showed, that it was posted only *six* days before the time of said meeting.

Several questions were raised; but whether or not c. 170, § 1, of the Public Laws of 1863, legalized the *doings of towns* at meetings not notified in accordance with the general statute, being the only question decided, a report of the other questions is rendered unnecessary.

*George F. Talbot*, for the plaintiff.

*J. A. Lowell,* for the defendants.

CUTTING, J.—The warrant calling the town meeting was not duly served; and, consequently, as admitted by the plaintiff's counsel, the meeting was illegally held, and its proceedings were inoperative and void, unless they were ratified and confirmed by the statute, approved Feb. 21, 1863.

Section 1 of that statute provides—"that the doings of

all such cities, towns and plantations, &c., are hereby made valid in as full and ample manner as though all the proceedings had been authorized by law."

Cities, towns and plantations cannot be said to have any doings, except such as are authorized to be done in their corporate capacity. That capacity can be exercised only at a legal meeting. Consequently the statute neither by its letter or spirit can afford any aid in enforcing the plaintiff's claim.

The statute contemplates the doings of meetings legally held, where the voice of the majority was *duly* ascertained, and to make valid their proceeding according to *their* expressed will in raising and appropriating money at the time authorized. If otherwise, towns might be compelled, without their consent, to pay such bounties as an illegal and informal meeting might be pleased to dictate.

*Plaintiff nonsuit.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.